CAVELIER<br>OF<br>MOSS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## WEBB, Under-tutor, v. THE UNION BANK OF LOUISIANA.

It is no objection to the validity of a mortgage executed by a married woman, under the 25th sec. of the stat. of 2 April, 1832, incorporating the Union Bank, to secure a loan made to her husband, that her rights were not explained to her, out of the presence of her husband, by the notary before whom the mortgage was executed. *Per Curiam:* The law requires that married women should be made acquainted with their rights, when about to renounce them; but the bank does not claim under a renunciation by the wife, but under a direct obligation, which she had capacity to contract.

APPEAL from the District Court of the First District, *Buchanan, J. Sheaf,* for the appellant. *Halsey,* and *Denis,* for the defendants. The judgment of the court was pronounced by

ROST, J.* The plaintiff, as under-tutor of the minor children of the late *Agnes Hoggat* and of *John M. Morris,* her husband, seeks to annul an act of mortgage, granted by her, jointly with her husband, upon certain slaves which were her separate property, to secure the payment of a loan made by the *Union Bank* to her and her husband, in the course of dealing authorised by the charter of that institution and in the usual form. The bank filed a general denial; but first excepted to the action, on the ground that it could not be maintained by the under-tutor, because the interest of the minors is not in this instance in opposition to that of their father and tutor. The court below, without noticing the exception, gave judgment on the merits in favor of the defendants, and the plaintiff appealed.

We are utterly unable to discover the object of this suit, and what end beneficial to the minors can be attained by it. If the act of mortgage was annulled, the bond *in solido,* to secure the payment of which it was given, would still remain, and bind all the property of the wife. Leaving the principal obligation in full force, and attempting to avoid that which is merely accessory to it, is a fancy proceeding in which minors should not be involved. But there is no pretext for the action itself. The power of attorney given by the deceased to *Crawford,* authorised him to execute all the acts of mortgage and obligation that might be necessary or expedient for securing a loan to her husband, and in her name to sign all and singular the instruments that might be required by the board of said bank, in order to bind the constituent *in solido* with her said husband.

_____

* EUSTIS, C. J., being interested, did not sit in this case.

WEBB
v.
UNION BANK.

The act of mortgage in controversy was one of the instruments required by the board of the bank, and its execution by the attorney in fact was strictly within the scope of his authority.

The bank had nothing to do with the application of the fund borrowed ; and the ground that the rights of *Mrs. Morris* were not explained to her on that occasion by the notary, out of the presence of her husband, is untenable. The 25th section of the charter of the bank removes the disability of married women, and enables them to bind themselves and their property. The law requires that married women should be made acquainted with their rights by the notary, when they are about to renounce those rights. The bank does not claim under a renunciation of the wife, but upon a direct obligation which she had capacity to contract.

Besides these reasons, *Mrs. Morris* obtained in her life time a separation of property from her husband, caused the property mortgaged to be sold under her judgment, bought it, and held it, at the time of her death, subject to the bank's mortgage. It is doubtful whether the under-tutor had capacity to maintain the suit, but the case is so clear for the defendants that we have thought it best to decide it.                                    *Judgment affirmed.*